**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Thomas J. Wright, Jr.**, ) | |
| ) | **CASE NO. 1:17 CV 00616** |
| ) | |
| Petitioner, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| Vs. ) | |
| ) | |
| ) | |
| **L. Eppinger, et al,** ) | **Memorandum of Opinion and Order** |
| ) | |
| Respondents. ) | |

### INTRODUCTION

This matter is before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert ("R&R")(Doc. 16) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed objections to the recommendation. (Doc. 19). For the following reasons, the Report and Recommendation is ACCEPTED.

### STANDARD OF REVIEW

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts

1

provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

**DISCUSSION**

Petitioner is seeking habeas relief from the sentences imposed in two separate Lake County Court of Common Pleas cases, Case No. 12-CR-000326 ("Case 326") and Case No. 12-CR-00744 ("Case 744"). In July 2013, petitioner entered no contest pleas in both cases. In Case 326, petitioner plead no contest to one count of operating a vehicle under the influence ("OVI"), with a specification that petitioner had previously been convicted or pled guilty to five or more OVI violations, or other equivalent offense. In Case 744, petitioner plead no contest to one count of OVI. Petitioner was sentenced in both cases in August 2013.

Petitioner's Petition for Writ of Habeas Corpus asserts four grounds for relief. With respect to the arguments relating to Case 744, the Magistrate Judge found, after thorough discussion, the entire Petition to be time-barred. For the following reasons, this Court agrees.

The Magistrate Judge determined the following. Petitioner filed a timely direct appeal on September 12, 2013. The state appellate court issued its decision on June 30, 2015. Petitioner did not appeal this decision to the Supreme Court of Ohio, and the deadline to do so was 45 days after the state appellate court issued its decision, i.e., August 14, 2015. Thus, the applicable one year statute of limitations contained in the AEDPA began to run on August 15, 2015. The limitations period subsequently expired on August 15, 2016 because petitioner did not file anything within that one-year period, including his federal habeas Petition. Because petitioner's March 2017 habeas Petition was clearly filed beyond the one year statute of limitations, it is

2

time-barred.

With respect to Case 326, the Magistrate Judge concluded, after thorough review, that Ground One fails on the merits; Ground Two is procedurally defaulted; Ground Three fails on the merits, and Ground Four is procedurally defaulted. Petitioner mainly argues that he is factually innocent because he established he did not have counsel at the time of his 1995 OVI conviction. He seems to concede Grounds Two and Four are procedurally defaulted. For the following reasons, the Court accepts the recommendation.

Upon review, the state appellate court rejected petitioner's three assignments of error. The court found the penalty enhancement contained in Ohio Revised Code ("O.R.C.") §2941.1413 was not unconstitutional. The court also concluded that, because the state trial court had sufficient, credible evidence supporting its determination that petitioner was represented by counsel at the time of his 1995 OVI conviction, the state trial court did not err in overruling petitioner's motion to dismiss the indictment. Finally, the court determined the burden-shifting framework contained in O.R.C. §2945.75 was not unconstitutional. Petitioner filed a timely appeal to the Supreme Court of Ohio, only raising his arguments with respect to O.R.C. §2941.1413. He later sought leave to file an additional assignment of error, which was denied. The Supreme Court of Ohio affirmed the decision of the state appellate court.

Ground One of the Petition alleges the state trial court erred in denying his motion to dismiss the indictment because the 1995 OVI conviction, which was used to enhance his OVI charge in Case 326, was constitutionally defective. He asserts he did not have counsel and did not waive his right to such at the time of his 1995 OVI conviction. The state appellate court reviewed the evidence presented, and found the state trial court properly assessed the facts in

3

concluding that petitioner was represented by counsel at the time of his 1995 OVI conviction. Accordingly, the state appellate court found that the enhancement of the OVI charge in Case 326 was not unconstitutional. The Court agrees[1] with the Magistrate Judge and finds no clear error in the state appellate court's decision to affirm the state trial court's findings.

Ground Two of the Petition alleges that the state trial court erred in requiring petitioner to prove by a "preponderance of the evidence" that he did not have counsel at the time of his 1995 OVI conviction. Beyond asserting the arguments which he initially raised in his Traverse, petitioner fails to directly challenge the Magistrate Judge's conclusion that he defaulted this claim by not fairly presenting it to the Supreme Court of Ohio. Petitioner appears to imply that ineffective assistance of counsel excuses the default. However, Petitioner has not raised any ineffective assistance of counsel arguments to the state courts. Thus, the argument of ineffective assistance of counsel is itself procedurally defaulted and cannot serve to excuse the procedural default of Ground Two. *See Edwards v. Carpenter*, 529 U.S. 446, 452-453 (2000).

Ground Three of the Petition alleges O.R.C. §2941.1413 violates petitioner's constitutional rights under the Equal Protection Clause of the Fourteenth Amendment. The Magistrate Judge rejected this claim on the merits. Upon review, the Court agrees with the Magistrate Judge, and finds that there is no showing that the Supreme Court of Ohio's decision was contrary to, or an unreasonable application of, clearly established federal law.

Ground Four of the Petition alleges that petitioner's sentence was illegal because he was

---

[1] The Magistrate Judge also construes this ground for relief as an argument for application of the actual innocence exception to AEDPA's statute of limitations. The Court agrees with the Magistrate Judge's conclusion in this respect and does not find the actual innocence exception applicable to overcome the finding that Case No. 744 is time-barred.

not eligible for multiple enhancements under Ohio law. As with Ground Two, petitioner defaulted this claim by failing to present it to the Supreme Court of Ohio, and petitioner so concedes. He appears to argue this default should be excused because he was "waiting for the Supreme Court of Ohio to make a ruling on" a case filed by another individual. Like the Magistrate, the Court concludes this argument cannot serve as a basis to excuse the procedural default of Ground Four.

Finally, Petitioner requests this Court conduct an evidentiary hearing pertaining to whether or not he had counsel for his 1995 OVI conviction. This request is denied. As discussed above, the Court agrees with the Magistrate Judge's conclusion that the state appellate court committed no clear error in finding the state trial court properly assessed the facts in determining that petitioner was represented by counsel at the time of his 1995 OVI conviction.

**CONCLUSION**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed. Furthermore, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Date:     10/08/19           Chief Judge